UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENIFER BENEDICT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW Plaintiff, Jenifer Benedict, and for her claims and causes of action against Defendant, The Lincoln National Life Insurance Company, states:

PARTIES

1. Jenifer Benedict ("Benedict") is a resident and citizen of the State of Missouri.
2. The Lincoln National Life Insurance Company ("Lincoln") is an insurance company authorized to do business in the State of Missouri. The Commissioner of the Missouri Department of Insurance is authorized to accept service on behalf of Lincoln.

JURISDICTION AND VENUE

3. Benedict brings her claim pursuant to the Employee Retirement Income Security Act ("ERISA") and 29 U.S.C. § 1001 *et seq*.
4. This dispute is governed by a welfare benefits plan and its policy documents, as well as applicable federal law regarding employer provided benefits. 29 U.S.C. § 1132(e)(1).
5. This Court also has subject matter jurisdiction pursuant to the general jurisdictional statute for civil actions arising under federal law. 28 U.S.C. § 1331.
6. Venue lies in the Western District of Missouri under 29 U.S.C. § 1132(e)(2), as the breach

occurred in this district, and because the welfare benefits plan is administered in this district.

7. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to this action occurred within this judicial district.

INFORMATION REGARDING TRIAL

8. No jury trial is allowed under ERISA law.

STATEMENTS OF FACT

9. Since 2017, Clarios LLC ("Clarios") employed Benedict.

10. Clarios employed Benedict as a Laborer - Loader.

11. Benedict's occupation is situated at the heavy exertional level, required grasping, and manipulating objects of varying size and weight, moving, lifting, carrying, and placing warehouse supplies weighting up to 50-100 pounds alone.

12. Clarios sponsored a group welfare benefits plan for its participating employees ("Plan").

13. The Plan constitutes an employee welfare benefit plan as defined by 29 U.S.C. § 1002(1).

14. The Plan offered a number of benefits, including long-term disability ("LTD") benefits.

15. At all relevant times, Benedict has been a Plan participant and covered person.

16. Clarios is the administrator of the Plan.

17. Clarios delegated, or attempted to delegate to Lincoln the function of issuing benefit claim determinations.

18. Lincoln's group insurance policy ("Policy") articulates the conditions that covered Plan participants must satisfy to receive LTD benefits.

19. The Policy defines "Disabled" as follows:

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft: during the Elimination Period and until the Covered Person reaches the end of the Maximum Benefit Period, as a result of an Injury or Sickness, he is unable to perform the Material and Substantial Duties of his Own Occupation.*

*2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:*

***"Disability" or "Disabled"*** *means as a result of Injury or Sickness the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation*

20. The Policy defines "Own Occupation" as:

**"Own Occupation"** means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the national economy.

21. The Policy defines "Material and Substantial Duties" as:

**"Material and Substantial Duties"** means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

22. An eligible and qualifying participant may receive up to 12 months of LTD "Own Occupation" benefits, to be paid at 60% of the participant's pre-disability earnings.
23. During her employment, Benedict suffered from issues with her knees post-surgery, bladder suspension issues, kyphosis, wrist ligament post-surgery, arm arthralgia and right leg swelling.
24. On July 6, 2020, Benedict ceased working.
25. In 2021, Benedict initiated an LTD claim with Lincoln.
26. On September 18, 2021, Lincoln approved Benedict's LTD claim.
27. Lincoln closed Benedict's claim on June 15, 2023, concluding that Benedict no longer met the definition of "disabled" during her own occupation.

## CAUSES OF ACTION
## COUNT I
## 29 U.S.C. § 1132(a)(1)(B) – WRONGFUL DENIAL OF BENEFITS

28. Benedict realleges the preceding paragraphs as if fully set forth herein.

29. Benedict is entitled to all unpaid and accrued LTD benefits, as Lincoln:

   a. Made an unfavorable decision without substantial evidence;

   b. Failed to consider each of Lincoln's medical impairments and their resulting limitations;

   c. Mischaracterized and ignored medical records and opinions;

   d. Failed to provide its reviewing personnel all relevant evidence;

   e. Mischaracterized Benedict's complaints, symptoms, medical conditions, abilities, and functional limitations;

   f. Relied on a doctor without the sufficient training, expertise, or specialty to fully evaluate each of Benedict's impairments;

   g. Mischaracterized Benedict's Regular Occupation and job duties;

   h. Failed to perform a reasonable occupational or vocational review;

   i. Mistakenly invoked the Policy's pre-existing condition provision; and

   j. Issued an unfavorable decision that was arbitrary and capricious.

30. Pursuant to 29 U.S.C. § 1132(a)(1)(b), Benedict is entitled to an award of actual damages for losses suffered.

31. Pursuant to 29 U.S.C. § 1132(g), judgment may include compensation for a beneficiary's attorney's fees, costs, and prejudgment interest.

32. Lincoln has not satisfied its obligation to pay Benedict LTD benefits.

33. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(g), Benedict prays for judgment against Lincoln for unpaid LTD, attorney's fees, costs, and prejudgment interest.

COUNT II
29 U.S.C. § 1132(a)(3) – BREACH OF FIDUCIARY DUTY

34. Benedict realleges the preceding paragraphs as if fully set forth herein.

35. Under 29 U.S.C. § 1002(21)(A), a fiduciary is one who:

> "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

36. 29 U.S.C. § 1104(a)(1)(A) describes the fiduciary standard of care:

> "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

37. As the Plan's designated claims administrator and entity exercising discretion in claims administration, Lincoln is a fiduciary.

38. Benedict participated in and benefitted from the Plan as previously indicated.

39. As the payor of benefits and the entity responsible for benefits determinations Lincoln operates under an inherent structural conflict of interest.

40. A higher than marketplace quality standard, as set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008) governs Lincoln's actions as a fiduciary.

41. In its use of a biased third-party vendor to recruit medical consultants, Lincoln breached its fiduciary duties.

42. Lincoln's communications with Benedict were inadequate and deficient such that it breached its fiduciary duty.

43. Lincoln did not identify the types of evidence necessary to satisfy Lincoln's

interpretation of the Policy's definition of "Disability." Lincoln's conduct is inconsistent with 29 CFR § 2560.503-1(g)(1)(iii) and is evidence of its breach of fiduciary duty.

44. In failing to adequately apply the Policy's applicable provisions, including each component of the definitions of "Disability," "Regular Occupation," and "Material and Substantial Duties," Lincoln breached its fiduciary duties.

45. Lincoln failed to ask Benedict to undergo an Independent Medical Exam, as authorized by the Policy. In doing so, Lincoln breached its fiduciary duty.

46. Lincoln's review was inconsistent with its own guidelines and procedures. Its claims handlers did not comply with documented instructions involving the administration of disability claims and vocational reviews. In failing to comply with its internal guidelines and claims processing procedures, Lincoln breached its fiduciary duties.

47. Lincoln did not compensate and use its medical and vocational consultants for the exclusive purpose of providing benefits to Plan participants. Nor did it do so for the purpose of defraying reasonable expenses in administering the Plan. Rather, Lincoln contracted with these consultants for the purpose of denying benefits, compensating them at rates that did not comport with its duty to defray reasonable expenses. This conduct is indicative of a breach of Lincoln's fiduciary duties.

48. Lincoln denied Benedict's LTD benefits for the purpose of elevating its financial interests. In doing so, it breached its fiduciary duties.

49. Lincoln failed to discharge its duties solely in the interests of its participants and beneficiaries. It acted with both a conflict of interest and breached its fiduciary duty

to both Benedict and the Plan's participants and beneficiaries generally.

50. Lincoln's repeated improper conduct demonstrates that ordinary relief under 29 U.S.C. § 1132(a)(1)(B) is not an adequate remedy.

51. Lincoln's violations of regulations alone allow Benedict the right to pursue any remedy under Section 502(a) of ERISA, including 29 U.S.C. § 1132(a)(3). 29 C.F.R. § 2560.503-1(l)(2)(i).

52. Lincoln's violations of federal regulation also subject its decision to *de novo* review.

53. WHEREFORE, pursuant to 29 U.S.C. § 1132(a)(3), § 1109, and § 1132(a)(2), Benedict prays for an order finding Lincoln's LTD determination binding for purposes of her LTD claim; for an order that Lincoln retrain its employees consistent with ERISA fiduciary obligations and federal regulations; for reformation of its services agreement with the plan administrator consistent with ERISA fiduciary obligations and federal regulations; for an injunction preventing further unlawful acts by Lincoln in its fiduciary capacity; for an equitable accounting of benefits that Lincoln has withheld; for the disgorgement of profits enjoyed by Lincoln in withholding benefits; for restitution under a theory of surcharge; for the Court's imposition of a constructive trust; for an award of attorney fees; for an equitable order prohibiting Lincoln from the use of biased third-party vendors; for an equitable order removing Lincoln as the administrator of claims; and for further relief as the Court deems just.

Respectfully submitted,

**BURNETTDRISKILL, Attorneys**

*<u>/s/ Derrick A. Pearce</u>*
Derrick A. Pearce MO #42793

Kyle H. Sciolaro MO #64568
103 W. 26th Ave., Ste. 290
North Kansas City, MO 64116
(816) 781-4836 / (816) 792-3634 (fax)
dpearce@burnettdriskill.com
ksciolaro@burnettdriskill.com
ATTORNEYS FOR PLAINTIFF