**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JENIFER BENEDICT,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00438-BP |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") [Dkt. 1] filed by Plaintiff, Jenifer Benedict ("Plaintiff"), and Lincoln files a Counterclaim through its undersigned counsel and alleges as follows:

**THE PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in ¶ 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in ¶ 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Lincoln admits that Plaintiff has brought a claim for recover of benefits under

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in ¶ 3 of the Complaint.

4. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Johnson Controls Battery Group, LLC (n/k/a Clarios, LLC) ("Clarios"), which, at certain times, insured disability benefits from the Group Long Term Disability Plan (the "LTD Plan") sponsored by Clarios to provide long term disability benefits to certain of its employees. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in ¶ 4 of the Complaint.

5. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in ¶ 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in ¶ 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in ¶ 7 of the Complaint.

## INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in ¶ 8 of the Complaint.

## STATEMENT OF FACTS

9. Lincoln admits Plaintiff was, at certain times, employed by Clarios. Lincoln denies all remaining allegations contained in ¶ 9 of the Complaint.

10. Lincoln admits Plaintiff was, at certain times, employed by Clarios as a COS Loader (& Decoupled Loader). Lincoln denies all remaining allegations contained in ¶ 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's job and own occupation are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 11 of the Complaint.

12. Lincoln admits that Clarios sponsored the LTD Plan to provide disability benefits to certain of its employees. Lincoln denies all remaining allegations contained in ¶ 12 of the Complaint.

13. Lincoln admits the allegations contained in ¶ 13 of the Complaint.

14. To the extent that the allegations contained in ¶ 14 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the LTD Plan was sponsored by Clarios. Lincoln denies all remaining allegations contained in ¶ 14 of the Complaint.

15. Lincoln admits that Plaintiff was, at certain times, employed by Clarios and a

participant in the LTD Plan. Lincoln denies all remaining allegations contained in ¶ 15 of the Complaint.

16. Lincoln admits the allegations contained in ¶ 16 of the Complaint.

17. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy and was delegated certain authority with regard to such claims by Clarios as described in the Policy. Lincoln denies all remaining allegations contained in ¶ 17 of the Complaint.

18. Lincoln admits the allegations contained in ¶ 18 of the Complaint.

19. To the extent that the allegations contained in ¶ 19 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 19 of the Complaint.

20. Lincoln admits that the Policy includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 20 of the Complaint.

21. Lincoln admits that the Policy includes language pertaining to the definition of "Material and Substantial Duties" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 21 of the Complaint.

22. To the extent that the allegations contained in ¶ 22 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 22 of the Complaint.

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 23 of the Complaint.

24. Lincoln admits Plaintiff's last day of work at Clarios was on July 26, 2020. Lincoln denies all remaining allegations contained in ¶ 24 of the Complaint.

25. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in ¶ 25 of the Complaint.

26. Lincoln admits that, at certain times, Plaintiff received benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in ¶ 26 of the Complaint.

27. Lincoln admits it sent a letter to Plaintiff dated June 15, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in ¶ 27 of the Complaint.

## CAUSES OF ACTON

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

28. Lincoln repeats and realleges all of its answers to the allegations contained in

¶¶ 1-27 of the Complaint as though fully set forth in response to ¶ 28 of the Complaint.

29. Lincoln denies the allegations contained in ¶ 29 of the Complaint.

30. Lincoln denies the allegations contained in ¶ 30 of the Complaint.

31. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in ¶ 31 of the Complaint.

32. Lincoln denies all allegations contained in ¶ 32 of the Complaint.

33. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in ¶ 33 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

34. Lincoln repeats and realleges all of its answers to the allegations contained in ¶¶ 1-33 of the Complaint as though fully set forth in response to ¶ 34 of the Complaint.

35. To the extent the allegations in ¶ 35 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in ¶ 35 of the Complaint.

36. To the extent the allegations in ¶ 36 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in ¶ 36 of the Complaint.

37. To the extent the allegations in ¶ 37 contain legal conclusions, Lincoln is not

required to respond. To the extent a response is required, Lincoln denies the allegations contained in ¶ 37 of the Complaint.

38. Lincoln admits that Plaintiff was, at certain times, employed by Clarios and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in ¶ 38 of the Complaint.

39. Lincoln admits that it issued the Policy to Clarios, which, at certain times, insured benefits from the LTD Plan sponsored by Clarios to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in ¶ 39 of the Complaint.

40. To the extent that the allegations contained in ¶ 40 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in ¶ 40 of the Complaint.

41. Lincoln denies the allegations contained in ¶ 41 of the Complaint.

42. Lincoln denies the allegations contained in ¶ 42 of the Complaint.

43. Lincoln denies the allegations contained in ¶ 43 of the Complaint.

44. Lincoln denies the allegations contained in ¶ 44 of the Complaint.

45. Lincoln denies the allegations contained in ¶ 45 of the Complaint.

46. Lincoln denies the allegations contained in ¶ 46 of the Complaint.

47. Lincoln denies the allegations contained in ¶ 47 of the Complaint.

48. Lincoln denies the allegations contained in ¶ 48 of the Complaint.

49. Lincoln denies the allegations contained in ¶ of the Complaint.

50. Lincoln denies the allegations contained in ¶ 50 of the Complaint.

51. Lincoln denies the allegations contained in ¶ 51 of the Complaint.

52. Lincoln denies the allegations contained in ¶ 52 of the Complaint.

53. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in ¶ 53 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific

claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

**COUNTERCLAIM**

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln

for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

By: *_/s/ Dan S. Folluo_*

Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES, HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
(918) 582-1173; (918) 592-3390 [fax]
*Attorney for Defendant*

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 23rd day of July 2024 to be served by operation of the Court's electronic filing system upon the following:

Derrick A. Pearce - dpearce@burnettdriskill.com

Kyle H. Sciolaro - ksciolaro@burnettdriskill.com

*Attorneys for Plaintiff*

*/s/ Dan S. Folluo*
Dan S. Folluo