**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| JENIFER BENEDICT,<br><br>Plaintiff,<br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-00438-CV-W-BP |

**ORDER SETTING DEADLINES FOR FILING OF JOINT PROPOSED SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE**

Pursuant to Rule 26(f) and Local Rule 26.1(a) the parties shall meet to discuss settlement, make or arrange for Rule 26(a)(1) disclosures, and develop a proposed discovery plan as required by Rule 26(f). This meeting shall take place no later than August 26, 2024. Discovery shall commence immediately after this conference is held.

The parties shall file a joint proposed scheduling order/discovery plan by September 9, 2024. Plaintiff's counsel shall take the lead in preparing the proposed plan. The proposed plan shall comply with Local Rules 16.1 (d), 16.1(f), 26.1(c) and 26.1(d). The proposed plan shall state whether the case will be tried to the Court or to a jury and the anticipated length of the trial. The proposed trial date shall not be sooner than 150 days after the deadline proposed for filing of dispositive motions. Please refer to the document entitled "Procedures as to Proposed Scheduling Orders and Pretrial Conferences" located on the Court's website (www.mow.uscourts.gov). In the District Court section, select the "Judges" tab, and choose Judge Beth Phillips. You can also follow this link: http://www.mow.uscourts.gov/judges/phillips.

The parties are expected to review the Principles for the Discovery of Electronically Stored Information prior to the Rule 26(f) conference and to discuss the corresponding Checklist

for Rule 26(f) Meet and Confer during the conference. Both documents are available on the Court's website under "Local Rules, ESI Principles, Procedures & Fees.

Pursuant to Rule 26(f)(3)(C) the proposed plan should address any concerns or issues relating to electronically stored information (ESI). If applicable, the plan should address (1) what ESI is available and where it resides; (2) preservation of information; (3) the ease/difficulty and cost of producing such information; (4) the schedule and format of production; and (5) agreements about privilege or work-product protection.

Within fifteen (15) days from the date of this Order, each non-governmental corporate party (including LLC's and other entities) must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public. If a non-governmental corporate party has no parent companies, subsidiaries, or affiliates, counsel shall file a statement to that effect. See Local Rule 7.1.

If this case has been removed from state court, and if a jury trial has not already been specifically requested on the face of the Complaint or in a separate filing, pursuant to FRCP Rule 81(c) the parties shall have twenty (20) days from the date of this Order to file a jury demand. Failure to file a jury demand shall constitute a waiver of the right to a trial by jury. *See Bruns v. Amana*, 131 F.3d 761 (8th Cir. 1997).

In cases assigned to the Court's Mediation and Assessment Program (MAP), the MAP General Order requires that parties assigned to the outside mediator category electronically file the Designation of Mediator within fourteen (14) calendar days after the Rule 26 meeting and mediate the case within seventy-five (75) calendar days after the Rule 26 meeting.

These deadlines will not be stayed absent leave of court. Counsel are directed that the filing of motions, including motions to dismiss or remand, does not automatically stay any of the preceding deadlines.

Counsel are advised that the Court does not wish to receive courtesy copies of motions and other filings unless requested.

With respect to discovery, counsel are reminded that:

1. The number and form of interrogatories and depositions are governed by Rules 30, 31, and 33.

2 The procedure for resolving discovery disputes is governed by Local Rule 37.1.

3. The form of answers to certain discovery requests and the disclosures required by Rule 26 are provided in Local Rule 26.2.

4. The filing of motions does not postpone discovery. See Local Rule 26.1(b).

The Court will consider any requests for oral argument on motions made in accordance with Local Rule 7.0(e). In addition, the Court will automatically grant a request for oral argument on a contested motion if the requesting party certifies that the argument will be presented by a lawyer who graduated from law school within six years prior to the motion being filed. This policy is intended to promote opportunities for new lawyers who practice before this Court to develop their oral advocacy skills. Any request under this provision must specifically invoke this provision and must be made (1) by the filing party, on the first page of either the motion or the suggestions in support, or (2) by the responding party, on the first page of the first

filing addressing the motion (the suggestions in opposition, a request for more time to respond, etc.).

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Date: July 26, 2024